UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **REGINALD WOODS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00505-RDP-JHE |
| | ) |
| **UNITED STATES OF AMERICA, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Woods filed a *pro se* second amended complaint pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging claims under Alabama law and the United States Constitution. (Doc. # 31). On January 19, 2023, the Magistrate Judge entered a Report and Recommendation recommending: (1) the court grant Defendants Holbrook and Hansen's motion to dismiss Woods's *Bivens* claims based on failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) and dismiss the claims without prejudice; (2) in the alternative, the court grant Defendants Holbrook and Hansen's motion for summary judgment because Woods's *Bivens* claims are barred by the statute of limitations and dismiss the claims with prejudice; (3) the court deny without prejudice Defendant United States's motion for summary judgment on Woods's FTCA claims, with leave to refile; (4) the court grant Woods's motion for appointment of counsel; and (5) the court grant Woods's motion for appointment of an expert for Woods. (Doc. # 49). The United States and Woods have filed objections to the Report and Recommendation. (Docs. # 50 & 51).

A.     **Defendant United States's Objections**

Defendant United States objects to the Magistrate Judge's recommendation that the court deny without prejudice its motion for summary judgment on Woods's FTCA claims and grant him leave to refile. (Doc. # 50 at 1). The United States further objects to the Magistrate Judge's recommendations that the court grant Woods's motions for appointment of counsel and an expert. (*Id.*). The United States contends that it presented expert medical opinions demonstrating that medical providers followed the appropriate standard of care in treating Woods for his eye injury and Woods failed to submit any expert testimony to support his claims as required by the Alabama Medical Liability Act ("AMLA"). (*Id.* at 2). The United States asserts that there are no genuine issues of material fact in dispute, and it is entitled to judgment as a matter of law under the AMLA. (*Id.*).

The United States is correct that Woods cannot sustain his burden of proof under the AMLA without medical expert testimony to rebut the government's expert's opinions. *Pruitt v. Zeiger*, 590 So. 2d 236, 238 (Ala. 1991) ("The failure of an expert to establish the standard of care results in a lack of proof essential to a medical malpractice plaintiff's case."). This is why Woods moved for appointment of a medical expert. (Doc. # 43 at 3-4). Rule 706(a) of the Federal Rules of Evidence permits a district court to appoint an expert witness either on its own or upon the request of a party. Moreover, the Eleventh Circuit has noted that "[s]uch an appointment is especially appropriate where the evidence of testimony at issue is scientifically or technically complex." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1348 (11th Cir. 2003). "Where a party requests the appointment of an expert to aid in evaluating evidence that is relevant to a central issue in the case, the court is obligated to fairly consider the request and to provide a reasoned explanation for its ultimate decision on the matter." *Id*.

Following the Eleventh Circuit's directive, the Magistrate Judge considered Woods's motion for appointment of a Rule 706 medical expert using factors set out by this court in *Gillentine v. Corr. Med. Servs., Inc.*, No. 5:11-cv-2694-RDP-TMP, 2014 WL 5795553, at *4 (N.D. Ala. Nov. 6, 2014). *See Paseur v. United States*, No. 1:20-cv-1189-AMM-SGC, 2021 WL 4434971, at *6 (N.D. Ala. Aug. 10, 2021) (applying *Gillentine* factors), *report and recommendation adopted*, 2021 WL 4409094 (N.D. Ala. Sept. 27, 2021). Those factors include "the strength of the plaintiff's non-expert evidence relating to a medical claim; the seriousness of the medical issue involved; and the degree to which expert testimony might be dispositive of (or important to) the case." *Gillentine*, 2014 WL 5795553, at *4. After analyzing each factor, the Magistrate Judge has reported that Woods established a need for appointment of an expert to evaluate relevant evidence essential to his FTCA claims. (Doc. # 49 at 22–25). For these same reasons, the Magistrate Judge determined that appointment of counsel for Woods is warranted. (*Id.* at 25).

In its objections, the United States does not address the Magistrate Judge's analysis of Woods's request for an expert under *Gillentine* or otherwise argue why Woods should not be afforded a Rule 706 expert concerning his FTCA claims or appointed counsel. Accordingly, the United States's objections are **OVERRULED**.

  B.  **Plaintiff Woods's Objections**

Woods objects to the dismissal of his *Bivens* claims against Defendants Holbrook and Hansen for failure to exhaust his administrative remedies. (Doc. # 51 at 1-5). Woods restates his assertion that the Bureau of Prisons' administrative remedy procedure was unavailable to him because officials at the Regional Office and General Counsel's Office "misled" him. (*Id.* at 3).

3

Specifically, he contends officials at those offices rejected his requests as incomplete even though prison staff determined that he had submitted the correct documents. (*Id.* at 1-4).

Other than his own conclusory allegations, Woods has not pointed to facts in the record that show the Regional Office or the General Counsel somehow conspired to "thwart" his administrative remedy through "machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). Additionally, Woods has failed to address the Magistrate Judge's conclusion that even if he had exhausted his administrative remedies, his *Bivens* claims against Defendants Holbrook and Hansen warrant dismissal as time-barred under the applicable statute of limitations. (Doc. # 49 at 15-17). Accordingly, Woods's objections are **OVERRULED**.[1]

After careful consideration of the record and the Magistrate Judge's Report and Recommendation, and the parties' objections, the court **ADOPTS** the Report and **ACCEPTS** the Recommendation. Consistent with that recommendation, it is **ORDERED** that:

1. Defendants Holbrook and Hansen's motion to dismiss Woods's *Bivens* claims based on failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is **GRANTED** and the claims are **DISMISSED WITHOUT PREJUDICE**;

2. In the alternative, Defendants Holbrook and Hansen's motion for summary judgment on Woods's *Bivens* claims is **GRANTED** because the claims are barred by the statute of limitations and the claims are **DISMISSED WITH PREJUDICE**;

3. Defendant United States's motion for summary judgment on Woods's FTCA claims is **DENIED WITHOUT PREJUDICE**, with leave to refile;

---

[1] Woods also clarifies in his objections that Physician Assistant Mourtada performed an eye examination on January 16, 2018, by administering dye in his eye and examining his eye under a "lighted magnifying glass" to see the suture. (Doc. # 51 at 5-6). Medical records confirm that Mourtada performed a Fluorescein stain, but the records do not indicate whether Mourtada visualized a suture. (Doc. # 41-1 at 41-42). Because the Magistrate Judge recommended that the court deny without prejudice the United States's motion for summary judgment on Woods's FTCA claims, Woods's clarification does not appear to affect the Magistrate Judge's recommendation.

  4.  Woods's motion for appointment of counsel (Doc. # 43) is **GRANTED**; and

  5.  Woods's motion for appointment of an expert (Doc. # 43) is **GRANTED**, to the extent appointed counsel will be permitted to seek an expert witness on Woods's behalf.

  This matter is **REFERRED** to the Magistrate Judge for further proceedings consistent with this order.

  **DONE** and **ORDERED** this February 24, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE